ANGEL FERNÁNDEZ RUIZ Y OTROS, demandantes y recurridos, *v.* AUTORIDAD DE TIERRAS DE PUERTO RICO, demandada y recurrente.

*Número:* R-74-300     *Resuelto:* 17 de diciembre de 1975

*José Alberty Orona, Hernán Cortés Torres* y *Eileen Meléndez O'Neill,* abogados de la recurrente; *Cándido Ceballos, G. R. Padró Díaz* y *Evangelista Rosario Vangas,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Varios dueños de camiones que prestan servicios a la Autoridad de Tierras transportando piñas desde las plantaciones hasta la fábrica de enlatados y centro de empaque instaron demanda contra la Autoridad reclamándole alrede-

dor de $354,000 por concepto de vacaciones, bono de navidad, período de alimentos y horas extras trabajadas durante un término de diez años. La Autoridad negó la reclamación aduciendo que los dueños de camiones actuaban como contratistas independientes y no como empleados de ella.

Por estipulación de las partes el tribunal de instancia dilucidó previamente la controversia sobre esta cuestión resolviendo que los recurridos dueños de camiones prestaban servicios a la Autoridad en calidad de empleados y que, como tales, gozaban de todos los beneficios estatuidos en las leyes laborales.

Expedimos el auto para revisar la sentencia parcial así dictada.

■ Usualmente en este tipo de controversia se encuentran rasgos característicos comunes a ambas categorías lo que hace difícil establecer con certeza una distinción tajante entre empleado y contratista independiente. Es por eso que la jurisprudencia ha formulado varios factores que deben considerarse al determinar la naturaleza de la relación entre las partes mencionándose, entre ellos, los siguientes: 1) naturaleza, extensión y grado de control por parte del principal; 2) el grado de iniciativa o juicio que despliega el conductor del camión; 3) la propiedad del equipo; 4) la facultad de emplear y el derecho a despedir; 5) la forma de compensación; 6) la oportunidad de beneficio y el riesgo de pérdida, y 7) la retención de contribuciones. *Landrón* v. *J.R.T.*, 87 D.P.R. 94 (1963); *Sierra Berdecía* v. *Pedro A. Pizá, Inc.*, 86 D.P.R. 447 (1962); *Pérez* v. *Hato Rey Bldg. Co.*, 100 D.P.R. 882 (1972) y *Nazario* v. *González*, 101 D.P.R. 569 (1973).

Esta determinación, sin embargo, no depende de un factor específico sino del conjunto de circunstancias presentes en la relación entre las partes. Debemos pues examinar el cuadro fáctico en que se originó la controversia tomando en consideración los factores mencionados.

Los recurridos son dueños de los camiones y mantienen el control sobre los mismos sufragando todos los gastos de operación incluyendo el mantenimiento, gasolina, aceite, neumáticos, tablillas, reparación, etc. Retienen la facultad de contratar choferes para operar los camiones, así como de despedirlos. De hecho, dos de los 18 recurridos tienen más de un camión operado por choferes contratados por ellos sin que la Autoridad haya intervenido en la contratación ni en el salario a pagarse. Los choferes se limitan a conducir el camión proveyendo la Autoridad los empleados para la carga y descarga.

La Autoridad no tiene seguro de responsabilidad pública para cubrir la operación de los camiones ni les exige a los recurridos que lo tengan. Tampoco hace retención alguna para el pago de la contribución sobre ingresos ni para el Seguro por Desempleo, Seguro Choferil o Seguro Social.

Originalmente la Autoridad compensaba a los recurridos a base de una tarifa por cada tonelada de piña transportada. Por acuerdo de las partes el método de compensación se cambió a base de horas de servicio. Los recurridos llenan diariamente una hoja donde anotan las horas diarias trabajadas, la firman y la entregan a sus supervisores para ser cotejadas. Dichas hojas se recopilan semanalmente y se prepara una factura a base de la cual cobran los recurridos.

La Autoridad les indica a los recurridos la hora de entrada y salida y les da instrucciones sobre donde encontrar la carga. En ocasiones se ha utilizado a algunos de los recurridos para realizar otras labores temporeramente.

La compensación que reciben los recurridos es mucho mayor que la que se les paga a otros trabajadores que conducen camiones pertenecientes a la Autoridad. Notamos al respecto que el salario mínimo aplicable a los choferes dedicados a actividades agrícolas era en el 1951 de 50¢ la hora y ha ido aumentando gradualmente hasta 95¢ la hora en el Decreto Mandatorio de 1959. La Autoridad pagaba, sin embargo, a los

recurridos a base de $3.50 la hora y actualmente se compensaba a base de $5.00 la hora.

Es natural que en todo contrato de servicio, bien se rindan éstos en calidad de empleado o de contratista independiente, el patrono siempre se reserve cierto grado de control a fin de asegurarse de que el servicio se lleve a cabo debidamente y en coordinación con las demás actividades del patrono. Por eso, el hecho de que la Autoridad le fijara la hora de entrada y salida y el lugar donde se transportaban las piñas no tiene mayor peso en este caso ya que se trata meramente del ejercicio de un control mínimo para asegurarse de que se prestara el servicio de transportación dentro del período de horas de trabajo del resto de los empleados del centro de empaque y de la fábrica de enlatados. De otra manera no podría coordinarse la labor de ambos grupos de trabajadores.

Como ya vimos, la Autoridad no tiene control sobre el empleo y despido de los choferes ni sobre los salarios que se les pagan a éstos. Tampoco tiene control de los camiones que pertenecen a los recurridos. Al respecto conviene apuntar que la Junta de Relaciones del Trabajo de Puerto Rico en el 1963 denegó una solicitud de Investigación y Certificación de Representante en el caso de la *Autoridad de Tierras* v. *Unión de Camioneros de Arrastre*, número P. 2052, concluyendo que los camioneros con quienes la Autoridad contrataba el acarreo de las piñas no eran empleados en el significado de la Ley de Relaciones del Trabajo y por tanto, no podían invocar los derechos a organizarse y negociar colectivamente.

El tribunal de instancia tomó en consideración para concluir que los recurridos actuaban como empleados de la Autoridad el hecho de que el Fondo del Seguro del Estado hubiese compensado la muerte de un compañero de trabajo de los recurridos y le hubiese dado tratamiento médico a otros dos. El hecho no tiene mayor importancia pues la propia Ley de Compensación por Accidentes del Trabajo en su Art. 19, Ley Núm. 45 de 18 de abril de 1935, 11 L.P.R.A. sec. 20, expre-

samente impone a todo patrono asegurado la obligación de responder por los accidentes que sufran los empleados de los contratistas independientes en horas de trabajo. *Colón Santiago* v. *Comisión Industrial*, 97 D.P.R. 208 (1969); *P. R. Am. Sugar Refinery* v. *Comisión Industrial*, 63 D.P.R. 636 (1944).

■ Consideramos que el grado de control ejercido por la Autoridad sobre los recurridos es insuficiente, en las circunstancias de este caso para concluir, como lo hizo erróneamente el tribunal de instancia que la relación entre las partes era una de empleado y patrono.

*Se dictará sentencia revocando la recurrida y ordenando la desestimación de la demanda instada por los recurridos.*