# 2009 DTA 83

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL IV**

GLORIMAR CHICLANA OCASIO
Recurrida

v.

ELA DE PR
Peticionario

Núm. KLCE-09-00115

San Juan, Puerto Rico, a 26 de mayo de 2009

Panel integrado por su Presidente, el Juez Rivera Román,
la Juez Coll Martí y el Juez Vizcarrondo Irizarry

Coll Martí, Jueza Ponente

111

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos la Universidad de Puerto Rico (UPR Recurrente) para solicitarnos la revisión de la Resolución emitida por el foro de instancia el 19 de diciembre de 2008. Mediante ésta se denegó la moción de sentencia sumaria de la UPR Recurrente. De otra parte comparece la Sra. Glorimar Chiclana Ocasio (Recurrida) mediante su escrito de oposición. Evaluado el expediente apelativo y el derecho aplicable, procedemos a resolver.

### I

En marzo de 2003, la recurrida, quien para ese entonces se encontraba en estado de embarazo por primera vez, fue admitida en el Hospital Universitario. Los síntomas que ésta presentaba eran correspondientes a descontrol de su diabetes y presión arterial elevada. Según surge del expediente apelativo, la Recurrida tenía un historial por su condición de diabetes desde los diez años de edad, asma bronquial y una condición de hipotiroidismo, proteinuria (eliminación de proteínas en la orina), anemia, hipertensión, oligohidramnio (deficiencia de líquido amniótico en la placenta), obesidad y deceleraciones variables. Aparte de lo anterior, la Recurrida era paciente de RH Negativo y ya se le había suministrado la vacuna correspondiente. Debido a la condición de salud de la Recurrida, los médicos a cargo de su caso decidieron inducirle el parto. A pesar de que se efectuó una cesárea, el bebe murió en el instante en que nació.

A raíz de los hechos narrados, el 26 de marzo de 2004, la Recurrida, su esposo y la sociedad de gananciales compuesta por ambos, su madre y hermana, presentaron demanda ante el tribunal de instancia por daños y perjuicios. Conforme al epígrafe de la demanda, los demandados eran el Estado Libre Asociado de Puerto Rico (ELA), la Administración de Servicios de Salud de Puerto Rico (ASEM) y las aseguradoras ACME, John Doe, Marie Doe, Meter Doe y Richard Doe. En esencia, la Recurrida alegó en su demanda que los facultativos médicos no le habían provisto la atención médica adecuada.

En su contestación a la demanda, el ELA negó cualquier responsabilidad solidaria y argumentó que el patrono de los facultativos médicos del Hospital Universitario era la Universidad de Puerto Rico, Recinto de Ciencias Médicas. Añadió en su contestación que los daños alegados en la demanda no habían sido ocasionados por actuaciones u omisiones negligentes de la facultad médica y/o empleados del Departamento de Salud del ELA. Acaecidos varios trámites procesales en el caso, el ELA presentó una moción de sentencia sumaria.

En síntesis, indicó que aunque era dueño y operador del Hospital Universitario, las alegaciones de la demanda y el informe pericial de la aquí Recurrida le imponían responsabilidad directa y exclusiva a los médicos obstetras–ginecólogos que brindaron atención médica a la Recurrida. Por lo anterior, expresó que se trataba de responsabilidad exclusiva por negligencia en contra de ellos específicamente. Además, el ELA reiteró que el patrono de los facultativos médicos era la Universidad de Puerto Rico, Recinto de Ciencias Médicas, por lo que era la Recurrente, no el ELA, quien respondía por las actuaciones de ese personal. A la moción, el ELA anejó copia de los contratos existentes entre ésta y la Recurrente para los servicios profesionales del Departamento de Obstetricia y Ginecología del Hospital Universitario de Adultos.

Los contratos establecían que la Recurrente prestaría los servicios a través del personal médico que para ello contratase, siendo su obligación seleccionarlo, reclutarlo y supervisarlo. Por último, señaló que en vista de que la Recurrente prestaba los servicios antes mencionados en calidad de contratista independiente, era ésta quien respondía por los errores u omisiones de su facultad, internos y residentes. El foro primario no acogió la moción de sentencia sumaria. No obstante, ante la solicitud de reconsideración del ELA, el foro de instancia dejó sin efecto su orden, declaró la moción no ha lugar y dictó sentencia parcial a los efectos de desestimar la demanda en contra del ELA.

Casi tres años después de presentada la Demanda, el 19 de enero de 2007, la Recurrida solicitó al tribunal de instancia permiso para enmendar la demanda al amparo de la Regla 13.1 de Procedimiento Civil. En su moción, ésta indicó al foro de instancia que había advenido en conocimiento de que el patrono del personal médico era la Universidad de Puerto Rico, por lo que solicitaba enmendar la demanda a los fines de incluir a dicha parte. No presentó justificaciones para el retraso. Así, solicitó que se expidiera el emplazamiento correspondiente dirigido a la Recurrente. En vista de que el foro de instancia acogió la enmienda solicitada, la demanda enmendada quedó presentada el 24 de enero de 2007. El contenido de la demanda enmendada, en cuanto a las alegaciones, es idéntico al de la demanda original. La única enmienda consistió en añadir a la UPR recurrente como demandada.

Así las cosas, la Recurrente fue emplazada el 8 de febrero de 2007. Dentro del término provisto en ley, ésta presentó la contestación a la demanda alegando prescripción de la acción en su contra. En julio de 2008, la Recurrente presentó una moción de sentencia sumaria ante el TPI en la que alegó nuevamente que la acción en su contra estaba prescrita. Arguyó que la Recurrida falló al no presentar la demanda en su contra dentro del término de un año, a partir del momento en que advino en conocimiento de que la Recurrente era responsable por las actuaciones y omisiones del personal médico, y sin que hubiera hecho reclamación extrajudicial alguna que tuviera el efecto de interrumpir dicho término.

Por su parte, la Recurrida se opuso a la solicitud de la Recurrente. Fundamentó su postura en que, aun cuando no interrumpió el término prescriptivo en contra de la Recurrente extrajudicialmente, el mismo quedó interrumpido por la presentación de la demanda original en contra del ELA, quien respondía solidariamente con la Recurrente. Realizadas varias actuaciones de las partes con el propósito de que el tribunal sentenciador dispusiera de la moción de sentencia sumaria a su favor, dicho foro determinó denegar la moción de sentencia sumaria presentada por la Recurrente. Inconforme con la actuación del foro de instancia, la UPR recurrente señala la comisión de varios errores, a saber:

"A. Cometió error el TPI al no desestimar la demanda enmendada, mediante la cual se trajo a la Universidad al pleito, con perjuicio, toda vez que a la fecha en que la demanda enmendada fue incoada había transcurrido en

113

exceso de un año desde que los demandantes tuvieron o debieron tener conocimiento de que la Universidad podría ser responsable por los hechos alegados en la demanda enmendada.

B. La Ley del caso establece fuera de toda duda razonable que entre el ELA y la Universidad no existe solidaridad alguna.

C. Resolución u orden aquí recurrida es contraria a derecho, por lo que procede que se expida este auto de *certiorari* para revisar la misma."

## II

Procede dictar sentencia sumaria si de los documentos que acompañan la solicitud o que obran en el expediente del tribunal surge que no hay controversia real sustancial en cuanto a ningún hecho material y como cuestión de derecho debe dictarse sentencia a favor de la parte promovente. *Echandi Otero v. Stewart Title Guaranty, Co.,* Opinión del 22 de julio de 2008, **2008 J.T.S. 146**. Esta moción procede aun cuando de las alegaciones surja una aparente controversia, si en el fondo, penetrando hasta la sustancia probatoria, esa controversia no existe. Rafael Hernández Colón, *Derecho Procesal Civil,* 4ta Ed. 2007, págs. 236.

La moción de sentencia sumaria evita la celebración de un juicio y todo el proceso que ello conlleva. Si bien la carga de la prueba recae sobre la parte promovente, es importante que la parte contraria no se cruce de brazos. Es necesaria la presentación de documentos que controviertan las alegaciones de la parte promotora. *Carpets & Rugs Warehouses Inc. v. Tropical Reps & Distributors, Inc.,* Opinión del 24 de febrero de 2009, **2009 JTS 39**.

En temas de derecho sustantivo, cabe señalar que en nuestro ordenamiento jurídico la responsabilidad civil extracontractual emana del Artículo 1802 del Código Civil, 31 L.P.R.A. § 5141. Conforme a este artículo "el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado". Las acciones por impericia médica pueden presentarse al amparo de este articulado. *Arrieta v. De la Vega,* 165 D.P.R. 538 (2005).

El Artículo 1868 del Código Civil, 31 L.P.R.A. § 5298, dispone que las acciones para exigir responsabilidad por culpa o negligencia al amparo del Artículo 1802, *supra,* tienen un término prescriptivo de un año. Este período comienza a transcurrir desde el momento en que el agraviado tiene conocimiento del daño sufrido y de quién es su autor, ya que es en este momento que conoce los elementos necesarios para poder ejercitar su causa de acción. *Nazario v. E.L.A.,* 159 D.P.R. 799 (2003). Este término se interrumpe de varias formas, entre ellas, con su ejercicio ante los tribunales o reclamación extrajudicial. Art. 1872 del Código Civil, 31 L.P.R.A. § 5303.

El propósito de la prescripción es evitar la incertidumbre de las relaciones jurídicas y castigar la inacción en el ejercicio de los derechos, ya que el transcurso del período de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. En apoyo a lo anterior, el Artículo 1861 del Código Civil, 31 L.P.R.A. § 5291, establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". *Arce Bucetta v. Motorola Electrónica de Puerto Rico, Inc.* Opinión del 9 de abril de 2008, **2008 JTS 79**; 173 DPR ___ (2008).

En cuanto a las enmiendas a la demanda original, la Regla 13.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III 13.3, menciona los supuestos bajo los cuales se debe retrotraer una alegación enmendada a la original. En síntesis, ello es posible siempre que la reclamación expuesta en la alegación enmendada surja de la conducta, acto, omisión o evento expuesto en la alegación original. Si con la enmienda se intenta añadir a un nuevo demandado, como regla general, el momento que determina el término prescriptivo es cuando se incluye el nuevo demandado por primera vez en la demanda, con excepción de lo dispuesto por las Reglas de Procedimiento Civil 15.1 (parte interesada), 15.4 (demandado de nombre desconocido), 13.3 (retroactividad de las enmiendas), y la situación en que haya solidaridad entre el demandado ya incluido en la demanda y el nuevo. *Id.*

En lo pertinente, la Regla 13.3 establece que una enmienda para sustituir a la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original, si la reclamación o defensa expuesta en la alegación enmendada surge dentro del término prescriptivo; si la parte que se trae mediante enmienda tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulta impedido de defenderse en los méritos, y si de no haber sido por un error en cuanto a la identidad del verdadero responsable, la acción se hubiera instituido originalmente en su contra. *Arce Bucetta v. Motorola Electrónica de Puerto Rico, Inc. supra.*

Del derecho antes citado se desprende que la existencia de solidaridad entre el demandado original y el nuevo demandado, permite la inclusión en el pleito del nuevo demandado con efecto retroactivo. Veamos porqué.

Existe solidaridad legal cuando dos o más personas son co-causantes de un mismo daño. En ese caso, todos responderían ante el demandante y, a consecuencia de ello, éste podría demandar a uno o a todos los co-causantes. Entre las consecuencias que acarrea una relación de solidaridad, se encuentra la interrupción del término prescriptivo en perjuicio de los demás co-causantes. Es decir, la presentación de una reclamación judicial o extrajudicial contra un cocausante de un daño, interrumpe el término prescriptivo en cuanto a los demás cocausantes solidarios del daño. *García Pérez v. Corporación de Servicios Especializados para la Mujer,* Opinión del 30 de junio de 2008, **2008 JTS 134**; 174 DPR _____ (2008).

De otra parte, el Artículo 1803 del Código Civil, 31 L.P.R.A. § 5142, gobierna lo relativo a la responsabilidad vicaria que puede surgir de una causa de acción al amparo del Artículo 1802, *supra.* Conforme a este articulado, no sólo es exigible responsabilidad civil por actos u omisiones propios, sino también por los de aquellas personas por las que se debe responder. Entre éstos, los dueños o directores de un establecimiento o empresa, respecto a los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuviera empleados o con ocasión de sus funciones. [Énfasis nuestro].

No obstante, este artículo regula únicamente la responsabilidad vicaria que puede surgir de la relación obrero-patronal. Nada dispone sobre la responsabilidad que puede surgir de la relación contratista independiente/ principal. Por los hechos particulares de este caso, resulta necesario realizar una discusión sucinta sobre este aspecto.

Conforme al derecho vigente, el ELA responderá en acciones de daños y perjuicios siempre que se pruebe que el causante del daño era su empleado, salvo que demuestre que actuó diligentemente al elegirlo o vigilarlo, para prevenir el daño. Se trata de una presunción de culpa que admite prueba en contrario. Carlos J. Irizarry Yunqué, *Responsabilidad Civil Extracontractual,* pag. 425 (1996). Ahora bien, cuando la relación es una de contratista independiente, la situación es otra. En este caso no se presume la responsabilidad del ELA, pues la persona que contrata a otra para hacer determinado trabajo no responde, como regla general, de los daños que la persona contratada cause por su culpa o negligencia, aunque el daño se produzca en el curso de actividades relacionadas con el cumplimiento del contrato. Ello es así porque el contratista independiente no es empleado o agente de la persona que lo contrata y, por lo tanto, su caso no está incluido dentro del Artículo 1803 del Código Civil. *Irizarry Yunqué, supra,* pág. 426.

La norma de responsabilidad adoptada en nuestra jurisdicción en el ámbito de la relación principal- contratista independiente es que un empleador responde por daños que debió anticipar al tiempo de contratar, y no puede eludir responsabilidad pasándola al contratista. *Martínez v. Chase Manhattan Bank,* 108 D.P.R. 515 (1978).

Al determinar si entre dos partes existe una relación de patrono y empleado o contratista independiente y principal, deben tomarse en consideración los siguientes factores: (a) la naturaleza, extensión y grado de control ejercidos por parte del principal en la labor a realizar (este es el criterio más importante conforme a *Pérez Díaz v. Hato Rey Building Company,* 100 D.P.R. 882 (1972)); (b) el grado de iniciativa .o juicio que despliega el empleado; (c) la propiedad del equipo; (d) la facultad de emplear y el derecho a despedir; (e) la forma de la

compensación; (f) la oportunidad de beneficio y el riesgo de pérdida, y (g) la retención de contribuciones.

No obstante, el hecho de que el principal ejerza algún grado de control sobre el trabajo del contratista independiente para asegurarse de que los servicios se presten de manera eficiente no significa, por sí sólo, que estemos ante una relación entre patrono y empleado. *Soc. de Gananciales v. TOLIC,* 151 D.P.R. 774 (2000); *Fernández v. A.T.P.R.,* 104 D.P.R. 464 (1975). Específicamente en el contexto de la empresa privada también aplica la doctrina del beneficio económico como fuente de responsabilidad civil de un principal. [Énfasis nuestro]. *Id.* No obstante, precisa aclarar que para imponer responsabilidad al principal, bajo la doctrina del beneficio económico, se requiere un apreciable beneficio para la empresa privada (principal) que está operando con fines de lucro. *López v. Gobierno Mun. de Cataño,* 131 D.P.R. 694 (1992).

Finalmente, con el firme propósito de velar por el trámite ordenado y pronto de los litigios y promover la estabilidad y certeza del derecho, la doctrina de la Ley del Caso promueve el que los tribunales nos resistamos a reexaminar aquellos asuntos ya considerados dentro de un mismo caso. Claramente, no se trata de una regla férrea ni de aplicación absoluta y por eso se puede descartar si conduce a resultados manifiestamente injustos. En situaciones excepcionales, si un caso, mediante los mecanismos apropiados, vuelve ante la consideración de un tribunal y éste entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, puede entonces aplicar una norma de derecho distinta. *In re: Fernández Díaz,* Opinión del 21 de agosto de 2007, **2007 JTS 167**; 172 DPR ___ (2007).

### III

Examinados el expediente apelativo y el derecho aplicable, acogemos este recurso y resolvemos revocar la orden emitida por el foro de instancia. Por entender que no existe una controversia real y sustantiva en el caso de autos, procedía acoger la moción de sentencia sumaria presentada por la UPR recurrente. *Echandi Otero v. Stewart Title Guaranty Co., supra.* A continuación explicamos los fundamentos que nos mueven a tomar esta determinación. Por encontrar relacionados los errores levantados, los discutimos simultáneamente.

En este caso, el Recurrente acude ante nos para solicitar la revisión de una orden del foro primario, mediante la cual éste se negó a acoger la moción de sentencia sumaria del Recurrente. El fundamento bajo el cual se amparaba la moción de sentencia sumaria era la prescripción de la acción civil incoada en su contra. En síntesis, éste argumentó que la acción entablada por la Recurrida en su contra está prescrita, ya que la misma esperó casi tres años desde que supo de los alegados daños para enmendar la demanda original e incluirle como parte demandada. Aparte de lo anterior, expresa que la actuación de la Recurrida no se debió a falta de conocimiento, puesto que ya el ELA le había informado sobre quién era la entidad a la que debía demandar por los hechos alegados. Por último, señala que al acoger el foro de instancia los argumentos del ELA y desestimar el caso en cuanto a esta parte, dicho foro aceptó la inexistencia de solidaridad o de cualquier otra relación entre el ELA y la Recurrente. Dicha solidaridad hubiese hecho posible interrumpir el término prescriptivo para la Recurrente con el mero hecho de haberse presentado la demanda original en contra de los demandados originalmente traídos al pleito.

Por su parte, la Recurrida arguye que su causa de acción no está prescrita. Explica que el término de un año impuesto por ley quedó interrumpido al incoar la acción original en contra del ELA, acción que tuvo lugar dentro del término indicado por ley. Discute que, a su entender, el ELA es co-causante solidario del daño con la Recurrente. Señala que la actuación del foro de instancia al ordenar la desestimación del caso en contra del ELA no incide sobre determinación alguna de solidaridad en cuanto a la relación entre el ELA y la Recurrente.

A modo de repaso, aclaramos que del expediente apelativo surge que, en respuesta a una moción de sentencia sumaria presentada por el ELA, el tribunal de instancia ordenó la desestimación del caso en su contra por encontrar que éste no tenía responsabilidad sobre los empleados del hospital. Eran los argumentos del ELA, entre otros: (a) su falta de responsabilidad sobre los hechos alegados en la demanda, y (b) la inexistencia de solidaridad

con la parte Recurrente. Concluimos que el foro de instancia acogió ambos argumentos al ordenar la desestimación del caso en contra del ELA con la siguiente frase:

"Examinada la Moción de Reconsideración del ELA, se deja sin efecto [la] orden del 24 de enero de 2007 y en su defecto se ordena la desestimación de la presente causa de acción en cuanto al Estado Libre Asociado de Puerto Rico, sin imposición de costas, gastos, ni honorarios de abogado."

Como vemos, el tribunal se limitó a acoger la reconsideración del ELA, tal como fue presentada y sin salvedad alguna. Al aceptar los argumentos del ELA de la forma en que lo hizo, el foro de instancia aceptó que éste no tenía relación alguna con los hechos reclamados por la Recurrida en su demanda. La determinación del tribunal sentenciador eliminó todo posible vínculo por parte del ELA con la causa de acción y la Recurrente. Con ello, la Recurrida queda imposibilitada de realizar cualquier planteamiento de solidaridad, o de que por razón de responsabilidad vicaria la presentación de la demanda en contra del ELA haya interrumpido el transcurso del término de un año en cuanto a la parte Recurrente. Con estos hechos ante nos, es ineludible aplicar la doctrina de la Ley del Caso a esta controversia.

Nos reiteramos en que la actuación del foro de instancia implicó que la única responsable por los hechos alegados en la Demanda, en caso de que éstos fueran probados, sería la Recurrente. No se trata aquí de que la demandante seleccionara demandar sólo a una de las partes responsables. Se trata de que es el propio foro de instancia el que concluye que el ELA no tiene responsabilidad alguna sobre los hechos de este caso. Ello es incompatible con la conclusión a la que pretende dirigirnos la parte Recurrida y con la determinación emitida por el foro de instancia e impugnada por medio de este recurso, en la que dicho foro denegó la moción de sentencia sumaria presentada por el recurrente por encontrar que la demanda en su contra no estaba prescrita.

De un examen de los hechos en este caso, no se desprende en modo alguno de qué forma la Recurrida interrumpió el término prescriptivo en cuanto a la UPR Recurrente.

Según surge del expediente apelativo, por primera vez se incluyó a la parte Recurrente como parte demandada casi tres años luego de que la Recurrida tuvo conocimiento de los daños que motivaron su causa de acción. La fecha en que la Recurrida presentó la acción en contra de la Recurrente está, por mucho, fuera del término de un año concedido por el Artículo 1868 del Código Civil, *supra*, para entablar este tipo de acción. Aparte de lo anterior, no está presente ninguna de las condiciones establecidas por las Reglas de Procedimiento Civil para que sea permisible enmendar la Demanda de autos, a los efectos de añadir a un nuevo demandado para quien, en este caso, la causa de acción ya estaba prescrita. La parte Recurrida no puede alegar que no conocía el nombre o existencia de la persona a quien desde un inicio debió haber demandado, pues lo cierto es que el ELA le estuvo advirtiendo sobre este asunto desde el inicio del procedimiento.

Por considerar errónea la orden del foro de instancia emitida por vía de reconsideración, no podemos circunscribirnos al principio deferencial que permea nuestro ordenamiento judicial. *Ramos Milano v. Wal-Mart de Puerto Rico, Inc.,* Opinión del 8 de junio de 2006, **2006 JTS 106**, 168 DPR ___ (2006). En el caso que nos ocupa no existe controversia en cuanto a que la demanda presentada en contra de la Recurrente fue tardía y por tanto está prescrita. Surge con claridad que no procedía enmendar la demanda, al amparo de la Regla 13.3 de Procedimiento Civil, *supra*, para incluir a la parte Recurrente como demandada en el momento en que se hizo, pues no se trata aquí de las excepciones establecidas en la relación contratista independiente-principal, solidaridad entre demandados, u otras. Al ser ello así, estamos obligados a tomar como punto de partida el momento en que se incluyó a la Recurrente por vez primera como demandada, como la fecha de presentación para determinar si se interrumpió el término prescriptivo. De este modo resulta inescapable concluir que la causa de acción de la Recurrida ya había prescrito. Como ya hemos expresado, en ausencia de una controversia real, sobre una cuestión determinante como lo es la prescripción, procede la moción de sentencia sumaria presentada por la parte Recurrente. Rafael Hernández Colón, *supra*.

## IV

Por los fundamentos anteriormente expuestos, resolvemos EXPEDIR este recurso de *Certiorari* y REVOCAR la determinación del Tribunal de Primera Instancia. Procede declarar CON LUGAR la *Moción de Sentencia Sumaria* objeto de este recurso. Por lo tanto, ordenamos la desestimación de la Demanda presentada tardíamente en contra de la Universidad de Puerto Rico.

Lo acuerda y manda este Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones