EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Miguel Romero, *et als.* | |
| Recurrida | Certiorari |
| v. | 2014 TSPR 115 |
| Agustín Cabrer Roig, *et als.* | 191 DPR ____ |
| Peticionarios | |

Número del Caso: CC-2013-668

Fecha: 2 de octubre de 2014

Tribunal de Apelaciones:

Región Judicial de Bayamón

Abogadas de la Parte Peticionaria:

    Lcda. Ivette M. Berríos Hernández
    Lcda. Irene Córdova Rodríguez

Abogado de la Parte Recurrida:

    Lcdo. Luis R. Díaz Marcano

Materia:  Opinión del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Miguel Romero, *et als.* | | *Certiorari* |
| Recurrida | | |
| v. | CC-2013-0668 | |
| Agustín Cabrer Roig, *et als.* | | |
| Peticionarios | | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 2 de octubre de 2014.

Comparecen ante nos el Sr. Agustín Cabrer Roig, su esposa, la Sra. Natalia Subirá Córdova y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto los "peticionarios") y solicitan que revisemos una Sentencia emitida por el Tribunal de Apelaciones. Mediante esta, el foro *a quo* confirmó una Resolución emitida por el Tribunal de Primera Instancia que denegó una Moción de Desestimación instada por los peticionarios.

El presente recurso nos brinda la oportunidad, *inter alia*, de determinar si un grupo particular de personas están excluidas de la protección que brinda la Ley Núm. 80, *infra*, sobre despido injustificado. Específicamente, debemos resolver si aquellas personas que se dedican individualmente a prestar servicios domésticos en la residencia de un particular están cobijadas por las disposiciones del referido estatuto.

Hoy resolvemos que, contrario a otros estatutos laborales, la Ley Núm. 80, *infra,* no excluye a los trabajadores en el servicio doméstico de su protección. Sin embargo, reiteramos que no toda persona que trabaja como medio para sustentarse económicamente es un "empleado" en el contexto de la Ley Núm. 80, *infra*. Por ello, en todo caso al amparo de este estatuto es necesario determinar *in limine*, y a la luz de los hechos particulares de cada caso, si la relación entre la persona que reclama los beneficios de la Ley Núm. 80, *infra*, y aquella contra quien los reclama es una de patrono-empleado o de principal-contratista independiente.

Con ello en mente, pasemos a delinear los antecedentes fácticos que dieron génesis a la controversia de autos.

I

Según consta en el expediente de autos, el 14 de febrero de 2011 el entonces Secretario del Departamento del Trabajo y Recursos Humanos, Lcdo. Miguel Romero, en representación y en beneficio de la Sra. Daisy Nova Rosario, presentó una Querella contra los peticionarios por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como Ley de Despido Injustificado, 29 LPRA sec. 185a *et seq.*[1] En la Querella se alegó que la señora Nova se desempeñó como

---

[1] La Querella fue presentada al amparo del procedimiento sumario estatuido en Ley la Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*

empleada en el servicio doméstico para los peticionarios mediante un contrato sin tiempo determinado desde el 2 de junio de 1997, y que el 3 de noviembre de 2008 fue despedida sin que mediara justa causa para ello.[2]

Luego de contestar la Querella presentada en su contra, el 1 de noviembre de 2011 los peticionarios presentaron una Moción de Desestimación. En esta alegaron, en síntesis, que las disposiciones de la Ley Núm. 80, *supra*, no son extensivas a aquellas personas que se dedican a prestar servicios domésticos a particulares en sus hogares. En apoyo de su contención, hicieron referencia a la definición de "empleado" contenida en la Ley Núm. 15 de 14 de abril de 1931, según enmendada, conocida como Ley Orgánica del Departamento del Trabajo y Recursos Humanos de Puerto Rico, 3 LPRA sec. 301 *et seq.*[3]

---

[2] En la Querella se especificó que el salario más alto devengado por la señora Nova en los últimos tres (3) años anteriores a cesar su relación con los peticionarios fue de trecientos cincuenta dólares semanales ($350.00). Por otro lado, se alegó que, conforme al periodo durante el cual la señora Nova prestó sus servicios a los peticionarios, tenía derecho a recibir la suma de doce mil doscientos cuarenta y seis dólares con cincuenta centavos ($12,246.50) en concepto de mesada. Apéndice del *Certiorari*, pág. 2.

[3] La Sección 328 del referido estatuto dispone que:

> […] se entiende por 'obrero' o 'empleado' toda persona al servicio de cualquier individuo, sociedad o corporación, que emplee a una o más personas bajo cualquier contrato de servicios expreso o implícito, oral o escrito, bien sea hombre, mujer o niño, incluyéndose entre éstos expresamente a aquéllos cuya labor fuere de un carácter accidental.

> Las palabras 'obrero' o 'empleado' incluyen a todo trabajador que se emplee en cualquier establecimiento u ocupación fabril, comercial o agrícola, por una persona natural o jurídica, por alguna compensación y por el Gobierno Estadual o cualquiera de sus dependencias […]. 3 LPRA sec. 328.

Adujeron que, según el lenguaje utilizado en el referido estatuto, el legislador no tuvo la intención de incluir a los empleados domésticos en su definición de empleado.

Además, los peticionarios alegaron que la definición de la palabra "establecimiento" contenida en el Art. 1 de la Ley Núm. 80, *supra*, no puede ampliarse para incluir "hogar".[4] Para sustentar su planteamiento, los peticionarios hicieron referencia a una enmienda que se realizó en el año 2007 a la Ley Núm. 80, *supra*, con el propósito de clarificar el término "establecimiento" contenido en su Art. 2(d). 29 LPRA sec. 185b.[5]

Posteriormente, la señora Nova replicó a la Moción de Desestimación presentada por los peticionarios. Arguyó, en síntesis, que la Ley Núm. 80, *supra*, no excluye expresamente a los empleados domésticos de su aplicación. Además, señaló que las leyes laborales deben interpretarse liberalmente para lograr su propósito, resolviendo toda duda a favor del obrero.

Mediante una Resolución de 29 de noviembre de 2011, el foro primario acogió en su totalidad los argumentos esbozados por la señora Nova en su Réplica y por

---

[4] En lo pertinente, el referido artículo dispone lo siguiente: "[t]odo empleado de comercio, industria o cualquier otro negocio o sitio de empleo, designado en lo sucesivo como el establecimiento […]". 29 LPRA 185a.

[5] La referida enmienda se realizó mediante la Ley Núm. 95-2007, 29 LPRA sec. 95. En la Exposición de Motivos de la precitada ley el legislador manifestó que el propósito de la enmienda era "a los fines de clarificar que el término establecimiento" según utilizado en dicho inciso, incluye individualmente a cada oficina, fábrica, sucursal o planta en empresas que poseen varias de estas y de las cuales se realizará un cierre total, temporero o parcial de las operaciones".

consiguiente, denegó la Moción de Desestimación presentada por los peticionarios.

Inconformes, el 15 de enero de 2013 los peticionarios acudieron al Tribunal de Apelaciones y repitieron los mismos argumentos vertidos en su Moción de Desestimación. El 26 de junio de 2013, el foro apelativo intermedio expidió el auto de *certiorari* presentado y confirmó el dictamen emitido por el Tribunal de Primera Instancia. Al igual que el foro primario, el tribunal *a quo* entendió que la Ley Núm. 80, *supra*, es extensiva a las personas que realizan labores domésticas dado que el referido estatuto no excluye de su aplicación a este grupo de trabajadores de manera expresa.

No contestes con esta determinación, el 7 de julio de 2013 los peticionarios acudieron ante nos mediante un recurso de *certiorari* en el que señalaron la comisión del siguiente error:

> Erraron el TPI y el TA al determinar que la Ley 80 de marzo de 1976, según enmendada, es de aplicación a los empleados(as) domésticos(as).

Atendido el recurso de *certiorari* presentado por los peticionarios, el 22 de noviembre de 2013 expedimos el auto solicitado. Contando con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver sin ulterior trámite.

II

A.

El esquema de protección laboral instaurado a través de la Ley Núm. 80, *supra*, persigue una finalidad dual. Por un lado, procura servir como medida de protección económica al empleado en el sector privado, y por otro, aspira a desalentar, mediante sanción, que los trabajadores sean despedidos injustificadamente de su empleo. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 294-295 (2011); *Vélez Cortés v. Baxter*, 179 DPR 455, 465 (2010) citando a *Díaz v. Wyndham Hotel Corp.*, 155 DPR 364 (2001). Esa finalidad quedó indeleblemente plasmada en su Exposición de Motivos, la cual reza que fue aprobada con el fin primordial de proteger

> de una forma más efectiva el derecho del obrero puertorriqueño a la tenencia de su empleo mediante la aprobación de una ley que, a la vez que otorgue unos remedios más justicieros y consubstanciales con los daños causados por un despido injustificado, desaliente la incidencia de este tipo de despido. Exposición de Motivos de la Ley Núm. 80, *supra*, 1976 Leyes de Puerto Rico 268. *Véanse*, también, *SLG Zapata-Rivera v. J.F. Montalvo*, res. el 27 de agosto de 2013, 2013 TSPR 95, 189 DPR __ (2013); y *Feliciano Martes v. Sheraton*, 182 DPR 368, 379-81 (2011).

Cónsono con lo anterior, en su Art. 1 la Ley Núm. 80, *supra*, dispone que todo **empleado** de comercio, industria o cualquier otro negocio o sitio de empleo, que sea contratado sin tiempo determinado y trabaje mediante remuneración de alguna clase tendrá derecho a recibir una indemnización de su patrono, además del sueldo que hubiese

devengado siempre y cuando sea despedido de su cargo sin justa causa. 29 LPRA sec. 185a. Véase, además *Whittenburg v. Col. Ntra. Sra. del Carmen*, 182 DPR 937, 949-52 (2011). Esta compensación se conoce típicamente como la "mesada" y la suma a ser pagada en ese concepto dependerá de dos (2) factores: (1) el periodo de tiempo durante el cual el empleado ocupó su puesto y (2) el sueldo que devengaba en el mismo. *Íd*.

Ahora bien, la mesada es el remedio exclusivo disponible para los empleados que son despedidos injustificadamente. *SLG Pagán Renta v. Walgreens*, res. el 14 de febrero de 2014, 2014 TSPR 20, 190 DPR __ citando a *Porto Siruano v. Bentley of P.R., Inc.*, 132 DPR 331 (1992). Ello es así, siempre y cuando no exista "alguna otra causa de acción al amparo de otras leyes que prohíban el despido y concedan otros remedios".[6] *Vélez Cortés v. Baxter*, *supra*, pág. 466 citando a *García v. Aljoma*, 162 DPR 572, 597 (2004).

---

[6] Recientemente en *C.O.P.R. v. S.P.U.*, 181 DPR 299, 337-338 (2011) expresamos las excepciones a la norma general de que la mesada es el remedio exclusivo disponible bajo la Ley Núm. 80, *supra*, a saber:

> los remedios adicionales conferidos por conducta torticera del patrono, ajena a la mera violación de una disposición de las leyes del trabajo (*Rivera v. Security Nat. Life Ins. Co.*, 106 DPR 517, 527); (2) los remedios adicionales provistos por leyes especiales (*Vélez Rodríguez v. Pueblo Int'l, Inc.*, 135 DPR 500, 511), y (3) los remedios adicionales concedidos por un despido cuyo propósito e intención principal sea subvertir una clara política pública del Estado o algún derecho constitucional (*Soc. de Gananciales v. Royal Bank de P.R.*, 145 D.P.R. 178, 192 (1998); *Porto y Siurano v. Bentley P.R., Inc.*, 132 D.P.R. 331, 342 (1992); *Arroyo v. Rattan Specialties, Inc.*, 117 D.P.R. 35, 65 (1986)).

En este punto es importante señalar que en nuestro ordenamiento jurídico no está prohibido absolutamente el despido. *Whittenburg v. Col. Ntra. Sra. del Carmen*, *supra*, pág. 949; *Rivera Figueroa v. The Fuller Brush Co.*, 180 DPR 894, 904 (2011); *Feliciano Martes v. Sheraton*, *supra*, pág. 380. De modo que en Puerto Rico un patrono puede despedir a su empleado sin sanción alguna si éste demuestra la existencia de una justa causa para ello. *Feliciano Martes v. Sheraton*, *supra*, págs. 379-381. *Santiago v. Kodak Caribbean, Ltd.*, *supra*, pág. 755. *Véase* también, *Díaz v. Wyndham Hotel Corp.*, *supra*, págs. 377-378. Es decir, en nuestro ordenamiento un patrono puede despedir a su empleado sin causa alguna y estará sujeto únicamente al pago de la mesada.[7]

Así pues, la propia Ley Núm. 80, *supra*, en su Art. 2 detalla las distintas causales que constituyen justa causa para el despido. 29 LPRA sec. 185b.[8] Esas instancias incluyen causales imputables a la conducta del empleado[9] y

---

[7] Ello siempre y cuando, según hemos indicado, no estemos ante una de las excepciones a la norma general de la mesada como remedio exclusivo. Como por ejemplo, que el patrono haya incurrido en discrimen o en alguna otra actividad prohibida por ley.

[8] El referido artículo también dispone que no se considerará justa causa para el despido aquel que se hace por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento. Por otro lado, la Ley Núm. 115-1991 conocida como la Ley de Represalias enmendó el Art. 2 de la Ley Núm. 80, *supra*, para establecer que no se considerará justa causa para el despido la colaboración o expresiones hechas por un empleado, relacionadas con el negocio de su patrono ante cualquier foro administrativo, judicial o legislativo en Puerto Rico, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada según la ley.

[9] Será justa causa para el despido: (1) que el obrero siga un patrón de conducta impropia o desordenada; (2) que el empleado no rinda su trabajo en forma eficiente o lo haga tardía y negligentemente o en

aquellas de índole empresarial que versan principalmente sobre aspectos económicos vinculados a la administración de una empresa.[10] *SLG Zapata-Rivera v. J.F. Montalvo, supra,* pág. 4*; Whittenburg v. Col. Ntra. Sra. del Carmen*, *supra*, pág. 950.

Finalmente, para adelantar el propósito de su naturaleza reparadora, la Ley Núm. 80, *supra*, invierte el orden de la prueba en casos civiles y le impone al patrono el deber de probar *in limine* que el despido fue uno justificado. Si así lo prueba, el patrono no estará obligado a pagar la mesada. *Véase Secretario del Trabajo v. I.T.T.,* 108 DPR 536 (1979). Además, la Ley Núm. 80, *supra*, dispone que en toda acción instada al amparo de esta, el patrono estará obligado a alegar en la contestación a la demanda, los hechos que dieron origen al despido y probar que el mismo estuvo justificado para quedar eximido del pago de la indemnización que dispone esa ley. 29 LPRA sec. 185k(a). En otras palabras, la Ley Núm. 80, *supra*, establece una excepción a la norma general de derecho que dispone que en toda reclamación judicial

---

violación de las normas de calidad del producto que produce o maneja el establecimiento o (3) que el empleado viole reiteradamente las reglas y los reglamentos razonables establecidos para el funcionamiento del establecimiento, siempre que se le haya suministrado oportunamente copia escrita de los mismos. 29 LPRA 185b.

[10] También será justa causa para el despido: (1) que surja el cierre total, temporero o parcial de las operaciones del establecimiento; (2) que sucedan cambios tecnológicos o de reorganización, cambios de estilo, diseño o naturaleza del producto que produce o maneja el establecimiento, y cambios en los servicios rendidos al público; o (3) que se requieran reducciones en empleo debido a una reducción en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido. 29 LPRA 185b.

instada por una parte contra un demandando, sea el reclamante el que tiene la obligación de probar sus alegaciones para prevalecer en un pleito. *Feliciano Martes v. Sheraton*, *supra*, págs. 385-386.

B.

A través de los años hemos sido consistentes en reiterar las normas que han de regir nuestra función interpretativa de la legislación protectora del trabajo. En el contexto particular de la Ley Núm. 80, *supra*, recientemente manifestamos que por su naturaleza inherentemente reparadora sus disposiciones deben interpretarse liberalmente a favor del trabajador, resolviéndose toda duda a su favor. *Whittenburg v. Col. Ntra. Sra. del Carmen*, *supra*, pág. 951. *Véanse*, además, *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*, pág. 6; *Cordero Jiménez v. UPR*, 188 DPR 129, 139 (2013); *Vélez Cortés v. Baxter*, *supra*, pág. 467; *Irizarry v. J & J Cons. Prods. Co., Inc.*, 150 D.P.R. 155, 164 (2000); *Belk v. Martínez*, 146 D.P.R. 215, 232 (1998); *Santiago v. Kodak Caribbean, Ltd.*, *supra*, pág. 771. De igual manera, **hemos afirmado que la exclusión de una persona de su aplicación debe surgir expresamente del texto de la Ley**. *Íd.*, pág. 950. *Véanse*, además, *Cordero Jiménez v. UPR, supra,* en la pág. 139. Estas normas de hermenéutica aplican igualmente a toda la gama de protecciones laborales recogidas en nuestra legislación protectora del trabajo. *Whittenburg v. Col. Ntra. Sra. del Carmen*, *supra*, pág. 951; C. Zeno Santiago y

V.M. Bermúdez Pérez, *Tratado de derecho del trabajo*, San Juan, Pubs. JTS, 2003, T.I., pág. 94. El razonamiento detrás de estas normas de interpretación obedece a que nuestra legislación protectora del trabajo tiene como norte garantizar la mayor protección a los trabajadores. *Cordero Jiménez v. UPR*, *supra*, pág. 139; *Cintrón v. Ritz Carlton*, 162 DPR 32, 39-40 (2007). Así, en aras de cumplir con sus propósitos notoriamente sociales y reparadores, la exclusión de un empleado de los beneficios de la legislación laboral "debe ser clara y debe interpretarse restrictivamente". *López Santos v. Tribunal Superior*, 99 DPR 325, 330 (1970). *Véanse*, además, *Cordero Jiménez v. UPR*, *supra*, 139 y *Jiménez Hernández v. General Inst., Inc.*, 170 DPR 14, 64 (2007).

A la luz de este crisol doctrinario, pasemos a atender la controversia ante nuestra consideración.

III

A.

Antes de adentrarnos a dilucidar el error señalado por los peticionarios, es menester contextualizar el tipo de empleado que protagoniza la controversia ante nuestra consideración. Para ello es pertinente acudir al Art. 1474 de nuestro Código Civil el cual dispone *in extenso* lo siguiente:

> [e]l empleado para el servicio doméstico, ya sea para las atenciones personales del cabeza de familia o en general para el servicio de ésta, cuyo contrato de servicios se haya verificado **por tiempo determinado**, puede despedirse y ser despedido antes de expirar

el término; pero si el principal despide al empleado sujeto a estas condiciones, sin justa causa, debe indemnizarle pagándole el salario devengado y el de quince (15) días más. (Énfasis suplido) 31 LPRA sec. 4112.[11]

De lo anterior podemos colegir que el referido Artículo dispone que un empleado doméstico es considerado como la persona que atiende las necesidades del jefe de familia o a la familia en general. *Olmo Nolasco v. Del Valle Torruella*, 175 DPR 464, 471 (2009). Recientemente, definimos a un empleado doméstico como aquella

persona que ejerce funciones dentro de una residencia para beneficio de un miembro de la familia o a la familia en general. El término abarca personas que realizan funciones de cocinero, camareros, mayordomos, sirvientes, ama de llaves, institutriz, niñeras, porteros, conserjes, lavado y planchado de ropa, guardianes, jardineros, servicios de compañía, entre otros. *Íd.* págs. 471-472.[12]

Como se puede apreciar, el remedio provisto por el Art. 1474 del Código Civil, *supra,* se limita a aquellos empleados domésticos contratados **por tiempo determinado** que se despidan sin justa causa antes de expirar el término por el cual fueron contratados. Por lo tanto, es evidente que este artículo no aplica a aquellos empleados domésticos contratados por un término indeterminado. Con

---

[11] A su vez, el Art. 1475 del Código Civil establece: "[a]demás de lo prescrito en los artículos 1473 y 1474 (secs. 4111 y 4113) de este título anteriores, se observará acerca de los contratos entre principales y domésticos lo que determinen las leyes y reglamentos especiales". 31 LPRA sec. 4113.

[12] En aquella ocasión afirmamos que esas funciones se limitaban a los empleados que las realizaban dentro de la residencia. No obstante indicamos que ello no es óbice para que ocasionalmente se realicen esas funciones fuera del hogar siempre y cuando el beneficio sea dirigido a un miembro de la familia o para la familia en general. *Olmo Nolasco v. Del Valle Torruella*, 175 DPR 464, 471-472 (2009).

ello en mente, pasemos a atender los planteamientos vertidos por los peticionarios en apoyo de su petitorio.

B.

En su único señalamiento de error los peticionarios alegan que erraron los foros inferiores al concluir que la Ley Núm. 80, *supra*, aplica a los trabajadores en el servicio doméstico. En síntesis, los peticionarios entienden que si la intención del legislador es incluir a los trabajadores en el servicio doméstico como acreedores de las protecciones de nuestra legislación laboral, esa intención debe constar expresamente en el texto de la Ley. Por otro lado, razonan que si un estatuto guarda silencio en cuanto a si aplica o no a un trabajador en el servicio doméstico, no se puede concluir automáticamente que, en efecto, le aplica. No les asiste la razón.

Según hemos discutido, la exclusión de una persona de la aplicación de una ley laboral debe surgir **expresamente** del texto de la Ley. Al comienzo de esta Opinión señalamos que la Ley Núm. 80, *supra*, en su Art. 1 dispone que aplicará a: (1) todo **empleado** de comercio, industria o cualquier otro negocio o sitio de empleo (2) que trabaje mediante remuneración de alguna clase (3) contratado sin tiempo determinado y (4) que haya sido despedido de su cargo sin justa causa. *Whittenburg v. Col. Ntra. Sra. del Carmen*, *supra*, pág. 950; C. Zeno Santiago & V.M. Bermúdez Pérez, *op cit*. pág. 98. Es decir, la Ley Núm. 80, *supra*, aplica al universo de trabajadores que

cumplan con los supuestos delimitados en el referido artículo. Como podemos apreciar, el Art. 1 de la Ley Núm. 80, *supra*, es claro y no establece una exclusión categórica de ningún grupo particular de trabajadores. Por lo tanto, ante el texto claro de la Ley Núm. 80, *supra,* es forzoso concluir que este estatuto **no excluye expresamente de su aplicación a las personas que se dedican a prestar servicios domésticos a particulares en sus hogares**. Los argumentos de los peticionarios en apoyo de su contención nos invitan, de manera errada, a desvirtuarnos de las normas de interpretación estatutaria que rigen en nuestro ordenamiento. Como se sabe, en este ejercicio debemos acudir al texto de la ley y si este es claro y libre de toda ambigüedad, "la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Art. 14 del Código Civil, 31 LPRA sec. 14. *Véase,* además, *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 404 (2012).[13]

Nótese, además, que en otras instancias la Asamblea Legislativa no ha sido tímida en expresar su intención diáfana de excluir a personas empleadas en el servicio doméstico de la aplicación de alguna legislación laboral. *Véanse*, por ejemplo, Ley Núm. 180-1998, conocida como Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad,

---

[13] "[S]i el lenguaje de la ley no crea dudas y es claro en cuanto a su propósito, su propio texto es la mejor expresión de la intención legislativa". *Soc. Asist. Leg. v. Ciencias Forenses*, 179 DPR 849, 862 (2010).

29 LPRA sec. 250 *et seq.*; Ley Núm. 379 de 15 de mayo de 1948, conocida como Ley de Horas y Días de Trabajo, 29 LPRA sec. 271 *et seq.*, y; Ley Núm. 148 de 30 de junio de 1969, conocida como Ley del Bono de Navidad, 29 LPRA sec. 501 *et seq.*[14] De igual manera, tampoco ha titubeado en excluir de manera expresa a otros grupos de trabajadores de la aplicación de distintas leyes laborales. *Íd.*

En cuanto a este particular, la "Guía para la Interpretación y Aplicación de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada" en lo pertinente dispone que:

> [l]a Ley Núm. 80, *supra*, hace extensiva su aplicación a todo empleado de cualquier sitio de empleo. **Las personas que se desempeñan como empleados en el servicio doméstico no están excluidas de la aplicación de la ley por disposición específica alguna.**[15] Por lo tanto, las mismas están cubiertas por la Ley Núm. 80, *supra*. (Énfasis suplido). Departamento del Trabajo y Recursos Humanos, Guía Revisada de la Ley Núm. 80 de 30 de mayo de 1976, enmendada, San Juan, El Departamento, 2000, pág. 28.

Como podemos apreciar, el Departamento del Trabajo y Recursos Humanos, que es el ente con pericia para atender asuntos laborales en nuestra jurisdicción, coincide en que

---

[14] Recientemente, en *Olmo Nolasco v. Del Valle Torruella*, *supra*, pág. 473, resolvimos que las funciones realizadas por una dama de compañía o dama acompañante, son propias de un empleado doméstico y que si bien es cierto que la Ley Núm. 180, *supra*, establece unos beneficios de vacaciones, ésta excluye taxativamente a los empleados domésticos de su aplicación.

[15] Véase, además, Acevedo Colom, *Legislación protectora del trabajo comentada*, 8va ed. Rev., San Juan, Ramallo Printing Bros., 2005, pág. 193 (La Ley Núm. 80, *supra*, aplica a las personas empleadas en el servicio doméstico porque las mismas no están expresamente excluidas de la Ley).

este grupo particular de trabajadores no está excluido de la aplicación de la Ley Núm. 80, *supra*.

En fin, acorde con nuestra jurisprudencia y luego de un análisis minucioso de las disposiciones de la Ley Núm. 80, *supra*, resolvemos que esta no excluye expresamente de su aplicación a las personas que se dedican a prestar servicios domésticos a particulares en una residencia. No obstante, este hecho aislado no implica que este grupo particular de personas sean acreedoras de las protecciones que provee la Ley Núm. 80, *supra*, de manera **automática**. Esa determinación conlleva un análisis ulterior. Examinemos este particular.

IV

Como hemos mencionado, uno de los requisitos esenciales para reclamar las protecciones de la Ley Núm. 80, *supra*, es que exista una relación **empleado-patrono**. Así pues, dado que la política pública implantada a través de la Ley Núm. 80, *supra*, procura proteger a un empleado de un despido injustificado, es necesario que entre los actores del pleito haya existido una relación obrero-patronal. Ello es así puesto que la ruptura de esa relación particular es la que da lugar a aquello que la Ley Núm. 80, *supra*, busca desalentar: un despido que, a su vez, sea injustificado.

De no estar presente una relación empleado-patrono, estaríamos ante otro tipo de relación cuya ruptura no perfeccionaría un despido y por lo tanto, no activaría las

protecciones de la Ley Núm. 80, *supra*. Precisamente por ello es que hemos manifestado que la legislación protectora del trabajo aplica únicamente a aquellas personas que puedan catalogarse como "empleados". *Whittenburg v. Col. Ntra. Sra. del Carmen, supra,* pág. 952. De no existir una relación obrero-patronal, estaríamos ante un contratista independiente, ello pues nuestro ordenamiento no presume que todo el universo de personas que reciben una remuneración por una obra realizada son "empleados" para fines de la Ley Núm. 80, *supra.*

Así pues, la aplicabilidad la Ley Núm. 80, *supra*, conlleva un análisis más extenso y requerirá que, como cuestión de umbral, analicemos ponderadamente la relación que existe entre las partes para determinar si en efecto esta es una de patrono-empleado o principal-contratista independiente *bona fide*. En cuanto a este punto, la Guía revisada para la Interpretación y Aplicación de la Ley Núm. 80, *supra*, apunta nuestro análisis en esa misma dirección y a esos efectos dispone que:

> [l]a cubierta de la ley está limitada a las personas que rinden servicios en calidad de empleados. Esto significa que para que se dé la aplicación de la ley, el trabajador debe prestar servicios de forma regular y debe existir un nivel de dependencia económica y un grado de control considerable. La Ley Núm. 80, *supra*, **no aplica a los trabajadores del servicio doméstico que constituyen contratistas independientes** ni tampoco a los que ocasionalmente realizan trabajo para una persona o entidad. (Énfasis suplido) Departamento del Trabajo y Recursos Humanos, Guía Revisada de la Ley Núm. 80 de 30 de mayo de 1976, enmendada, San Juan, El Departamento, 2000, pág. 28.

A pesar de que la Ley Núm. 80, *supra*, se aprobó con el fin de proteger al empleado en la empresa privada, el legislador optó por no definir el término "empleado" expresamente en el texto del estatuto. No obstante, se ha definido ese término como aquella "persona que rinde servicios a un patrono y a cambio recibe de éste un sueldo, salario, jornal, comisión, bono, adehala o cualquier otra forma de compensación". *Íd.* citando a Acevedo Colom, *Legislación protectora del trabajo comentada*, 8va ed. Rev., San Juan, Ramallo Printing Bros., 2005, pág. 7. Por otro lado, hemos definido la figura del contratista independiente como aquella persona que "dada la naturaleza de su función y la forma en que presta servicios resulta ser su propio patrono". *Whittenburg v. Col. Ntra. Sra. del Carmen, supra,* pág. 592 citando a Acevedo Colom, *op cit.*, págs. 7-8.

No obstante la importancia y las implicaciones jurídicas que conlleva distinguir entre un empleado y un contratista independiente,[16] en limitadas ocasiones es posible lograr una distinción categórica entre ambos conceptos. *Hernández v. Trans Oceanic Life Ins. Co.,* 151 DPR 754, 765 (2000); *Nazario v. González*, 101 DPR 569, 572

---

[16] "[…] en la determinación que se haga sobre la clasificación de un individuo como contratista independiente o como empleado, el resultado tendrá el efecto en cuanto a la aplicabilidad de la Ley Núm. 80 […] si un individuo no cumple con los requisitos de la definición de empleado dentro de una relación obrero-patronal y, por lo tanto, cumple con la definición de contratista independiente, la Ley Núm. 80 no protegerá ni proveerá remedios para ese individuo en caso de despido". C. Zeno Santiago y V.M. Bermúdez Pérez, *Tratado de derecho del trabajo*, San Juan, Pubs. JTS, 2003, T.I., pág. 196.

(1973)*.* Esto se debe a que en muchas ocasiones una persona puede ostentar un híbrido de rasgos característicos tanto de un empleado como de un contratista independiente. *Íd.* Por otro lado, en otras instancias es necesario extrapolar el contenido del Contrato y el título con el cual las partes han denominado su relación de las circunstancias fácticas que demuestran cómo las partes verdaderamente interactúan entre sí*. Íd.; Nazario v. Vélez*, 97 DPR 458, 463 (1969) ("la caracterización o denominación que hagan las partes respecto a la naturaleza de sus relaciones no es decisiva…"); *Pueblo Int'l, Inc. v. Srio. Justicia*, 117 DPR 230, 252 (1986) ("no es el nombre con que se denomina un acto el que determina su naturaleza, sino su contenido, según éste surge de un análisis del mismo y de todas las circunstancias que lo rodean").

En virtud de lo anterior, a través de los años hemos establecido una serie de criterios que facilitan el ejercicio que deben llevar a cabo los tribunales en aras de distinguir entre un empleado y un contratista *bona fide,* a saber:

(1) Naturaleza, extensión y grado de control que ejerce el patrono sobre la persona en la ejecución de la obra o trabajo;

(2) Grado de juicio o iniciativa que despliega la persona;

(3) Forma de compensación;

(4) Facultad de emplear y derecho de despedir obreros;

(5) Oportunidad de incurrir en ganancias y el riesgo de pérdidas;

(6) La titularidad del equipo y de las instalaciones físicas provistas por el principal;

(7) Retención de contribuciones;

(8) Si, como cuestión de realidad económica, la persona que presta el servicio depende de la empresa para la cual trabaja;

(9) Permanencia de la relación de trabajo; y

(10) Si los servicios prestados son una parte integral del negocio del principal o se pueden considerar como un negocio separado o independiente por sí mismos. *Whittenburg v. Col. Ntra. Sra. del Carmen, supra,* págs. 852-953 citando a Acevedo Colom, *op cit.,* págs. 9-10. *Véanse,* además: *S.L.G. Hernández-Beltrán v. TOLIC,* 151 DPR 754, 768 (2000); *Fernández v. A.T.P.R.,* 104 DPR 464, 465 (1975).

No obstante, este listado no pretende obstaculizar la tarea de precisar la naturaleza de una relación para determinar si se activa la protección de la Ley Núm. 80, *supra.* Por ello, el análisis multi-factorial a realizarse no puede ejecutarse bajo el pretexto de una uniformidad rígida. Lo anterior implica que en el análisis se ponderen cuidadosamente la totalidad de las circunstancias en las cuales se desenvuelve la relación entre las partes a la luz de todos los criterios anteriormente enumerados. *Hernández v. Trans Oceanic Life Ins. Co., supra,* pág. 773. Así, hemos enfatizado que "la determinación de quién es un contratista independiente no depende de factor aislado alguno, sino que hay que examinar el conjunto de circunstancias en que se desenvuelve la relación laboral". *Íd.* pág. 768. Véase, además, *Fernández v. A.T.P.R, supra.*

De igual modo hemos expresado que "para dicha determinación no existe una regla absoluta, sino que depende de la importancia que se le atribuya a cada uno de los factores". *Íd.* Véase, además, *Nazario v. Vélez*, *supra*. En otras palabras, no necesariamente será suficiente con que se cumpla uno de los criterios, como tampoco es necesario que se cumplan todos.

En el caso de autos, los tribunales inferiores determinaron correctamente que la Ley Núm. 80, *supra*, no excluye expresamente de su aplicación a las personas que prestan servicios domésticos a particulares en sus hogares. No obstante, el análisis no termina ahí, pues resta adjudicar la controversia en cuanto a si entre los peticionarios y la señora Nova existía una relación obrero-patronal *vis à vis* una de principal-contratista independiente. Debido a la etapa procesal en la que se encontraba el caso de autos al momento de ser atendido por esta Curia, no contamos con los elementos de prueba necesarios para pasar juicio en cuanto a la relación habida entre los peticionarios y la señora Nova.

Por ejemplo, no nos consta si la señora Nova trabajaba exclusivamente para los peticionarios. Tampoco sabemos si la señora Nova tenía un horario fijo, si su ingreso variaba dependiendo de las tareas que llevaba a cabo o si los peticionarios le retenían parte de su sueldo para efectos contributivos. Tampoco nos consta si los peticionarios le proporcionaban los materiales que esta

utilizaba para llevar a cabo sus labores o si, por otro lado, los peticionarios le detallaban la forma en la cual esta debía llevar a cabo las mismas. En fin, es necesario realizar un análisis ponderado de las circunstancias particulares del caso de autos junto a los criterios establecidos por nuestra jurisprudencia para poder auscultar adecuadamente la relación entre los peticionarios y la señora Nova.

Al no contar con las respuestas a todas estas interrogantes resulta necesario devolver el caso al foro primario para que dirima este asunto.

V

En fin, concluimos que la Ley Núm. 80, *supra*, no excluye expresamente de su aplicación a aquellas personas que se dedican a prestar servicios domésticos a particulares en sus hogares. En virtud de lo anterior, este grupo particular de trabajadores **podría** ser merecedor de las protecciones que brinda la Ley Núm. 80, *supra*. No obstante, lo anterior dependerá de que estas personas rindan sus servicios en calidad de empleados propiamente. Para determinar lo anterior es necesario llevar a cabo un análisis holístico y ponderado, según las circunstancias particulares de cada caso, de los criterios establecidos por nuestra jurisprudencia que permiten a un juzgador distinguir entre un empleado y un contratista independiente *bona fide*.

VI

Por los fundamentos anteriormente esbozados, Confirmamos y devolvemos el caso al foro primario para la continuación de los procedimientos acorde con lo aquí resuelto.

Se dictará Sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Miguel Romero, *et als.* | | *Certiorari* |
| Recurrida | | |
| v. | CC-2013-0668 | |
| Agustín Cabrer Roig, *et als.* | | |
| Peticionarios | | |

SENTENCIA

En San Juan, Puerto Rico, a 2 de octubre de 2014.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se confirma el dictamen del Tribunal de Apelaciones. Se devuelve el caso al foro primario para la continuación de los procedimientos acorde con lo aquí resuelto.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez, el Juez Asociado señor Kolthoff Caraballo y la Jueza Asociada Oronoz Rodríguez no intervinieron.

Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina