La Jueza Asociada Señora Pabón Charneco
emitió la opinión del Tribunal.
Comparecen ante nos el Sr. Agustín Cabrer Roig, su esposa, la Sra. Natalia Subirá Córdova, y la Sociedad Legal de Bienes Gananciales compuesta por ambos (peticionarios) y solicitan que revisemos una Sentencia emitida por el Tribunal de Apelaciones. Mediante esta, el foro a quo confirmó una Resolución emitida por el Tribunal de Primera Instancia que denegó una Moción de Desestimación instada por los peticionarios.
El presente recurso nos brinda la oportunidad, inter alia, de determinar si un grupo particular de personas están excluidas de la protección que brinda la Ley Núm. 80, infra, sobre despido injustificado. Específicamente, debemos resolver si quienes se dedican individualmente a pres-tar servicios domésticos en la residencia de un particular están cobijadas por las disposiciones de ese estatuto.
Hoy resolvemos que, contrario a otros estatutos laborales, la Ley Núm. 80, infra, no excluye de su protección a los trabajadores en el servicio doméstico. Sin embargo, reiteramos que no toda persona que trabaja como medio para sustentarse económicamente es un “empleado” en el contexto de la Ley Núm. 80, infra. Por ello, en todo caso al amparo de este estatuto es necesario determinar in limine, y a la luz de los hechos particulares de cada caso, si la relación entre la persona que reclama los beneficios de la Ley *647 Núm. 80, infra, y aquella contra quien los reclama es de patrono-empleado o de principal-contratista independiente.
Con ello en mente, pasemos a delinear los antecedentes fácticos que dieron génesis a la controversia de autos.
I
Según consta en el expediente de autos, el 14 de febrero de 2011, el entonces Secretario del Departamento del Trabajo y Recursos Humanos, Ledo. Miguel Romero, en representación y en beneficio de la Sra. Daisy Nova Rosario, presentó una Querella contra los peticionarios por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como Ley de Despido Injustificado, 29 LPRA see. 185a et seq.(1) En la Querella se alegó que la señora Nova se desempeñó como empleada en el servicio doméstico para los peticionarios mediante un contrato sin tiempo determinado desde el 2 de junio de 1997, y que el 3 de noviembre de 2008 fue despedida sin que mediara justa causa para ello.(2)
Luego de contestar la Querella presentada en su contra, el 1 de noviembre de 2011, los peticionarios presentaron una Moción de Desestimación. En esta alegaron, en síntesis, que las disposiciones de la Ley Núm. 80, supra, no son extensivas a quienes se dedican a prestar servicios domésticos a particulares en sus hogares. En apoyo de su contención, hicieron referencia a la definición de “empleado” contenida en la Ley Núm. 15 de 14 de abril de 1931, según enmen *648 dada, conocida como Ley Orgánica del Departamento del Trabajo y Recursos Humanos de Puerto Rico, 3 LPRA see. 301 et seq.(3) Adujeron que, según el lenguaje utilizado en el referido estatuto, el legislador no tuvo la intención de incluir a los empleados domésticos en su definición de empleado.
Además, los peticionarios alegaron que la definición de la palabra “establecimiento” contenida en el Art. 1 de la Ley Núm. 80, supra, no puede ampliarse para incluir “hogar”.(4) Para sustentar su planteamiento, los peticionarios hicieron referencia a una enmienda que se realizó en el año 2007 a la Ley Núm. 80, supra, con el propósito de clarificar el término “establecimiento” contenido en su Art. 2(d), 29 LPRA see. 185b.(5)
Posteriormente, la señora Nova replicó a la Moción de Desestimación presentada por los peticionarios. Argüyó, en síntesis, que la Ley Núm. 80, supra, no excluye expresamente a los empleados domésticos de su aplicación. Además, señaló que las leyes laborales deben interpretarse liberalmente para lograr su propósito, resolviendo toda duda a favor del obrero.
*649 Mediante una Resolución de 29 de noviembre de 2011, el foro primario acogió en su totalidad los argumentos esbozados por la señora Nova en su Réplica y, por consiguiente, denegó la Moción de Desestimación presentada por los peticionarios.
Inconformes, el 15 de enero de 2013, los peticionarios acudieron al Tribunal de Apelaciones y repitieron los mismos argumentos vertidos en su Moción de Desestimación. El 26 de junio de 2013, el foro apelativo intermedio expidió el auto de certiorari presentado y confirmó el dictamen emitido por el Tribunal de Primera Instancia. Al igual que el foro primario, el tribunal a quo entendió que la Ley Núm. 80, supra, es extensiva a las personas que realizan labores domésticas dado que el referido estatuto no excluye de su aplicación a este grupo de trabajadores de manera expresa.
No contestes con esta determinación, el 7 de julio de 2013 los peticionarios acudieron ante nos mediante un recurso de certiorari en el que señalaron la comisión del error siguiente:
Erraron el TPI y el TA al determinar que la Ley 80 de marzo de 1976, según enmendada, es de aplicación a los empleados(as) domésticos(as). Petición de certiorari, pág. 3.
Atendido el recurso de certiorari presentado por los peticionarios, el 22 de noviembre de 2013 expedimos el auto solicitado. Contando con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver sin ulterior trámite.
II
El esquema de protección laboral instaurado a través de la Ley Núm. 80, supra, persigue una finalidad dual. Por un lado, procura servir como medida de protección económica al empleado en el sector privado, y por otro, aspira a desalentar, mediante sanción, que los trabajado *650 res sean despedidos injustificadamente de su empleo. Hernández Maldonado v. Taco Maker, 181 DPR 281, 294—295 (2011); Vélez Cortés v. Baxter, 179 DPR 455, 465 (2010), citando a Díaz v. Wyndham Hotel Corp., 155 DPR 364 (2001). Esa finalidad quedó indeleblemente plasmada en su Exposición de Motivos, que fue aprobada con el fin primordial de proteger
[...] de una forma más efectiva el derecho del obrero puertorriqueño a la tenencia de su empleo mediante la aprobación de una ley que, a la vez que otorgue unos remedios más justicieros y consubstanciales con los daños causados por un despido injustificado, desaliente la incidencia de este tipo de despido. Exposición de Motivos de la Ley Núm. 80 (1976 Leyes de Puerto Rico 268). Véanse, también: SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Feliciano Martes v. Sheraton, 182 DPR 368, 379-381 (2011).
Cónsono con lo anterior, en su Art. 1 la Ley Núm. 80, supra, dispone que todo empleado de comercio, industria o cualquier otro negocio o sitio de empleo, que sea contratado sin tiempo determinado y trabaje mediante remuneración de alguna clase tendrá derecho a recibir una indemnización de su patrono, además del sueldo que hubiese devengado siempre y cuando sea despedido de su cargo sin justa causa. 29 LPRA sec. 185a. Véase, además, Whittenburg v. Col. Ntra. Sra. del Carmen, 182 DPR 937, 949-952 (2011). Esta compensación se conoce típicamente como la “mesada” y la suma que será pagada en ese concepto dependerá de dos (2) factores: (1) el periodo de tiempo durante el cual el empleado ocupó su puesto y (2) el sueldo que devengaba en este. íd.
Ahora bien, la mesada es el remedio exclusivo disponible para los empleados que son despedidos injustificadamente. SLG Pagán-Renta v. Walgreens, 190 DPR 251, 260 (2014), citando a Porto y Siruano v. Bentley P.R., Inc., 132 DPR 331, 342 (1992). Ello es así, siempre y cuando no exista “alguna otra causa de acción al amparo *651 de otras leyes que prohíban el despido y concedan otros remedios”.(6) Vélez Cortés v. Baxter, supra, pág. 466, citando a García v. Aljoma, 162 DPR 572, 597 (2004).
En este punto es importante señalar que en nuestro ordenamiento jurídico no está prohibido absolutamente el despido. Whittenburg v. Col. Ntra. Sra. del Carmen, supra, pág. 949; Rivera Figueroa v. The Fuller Brush Co., 180 DPR 894, 904 (2011); Feliciano Martes v. Sheraton, supra, pág. 380. De modo que, en Puerto Rico, un patrono puede despedir a su empleado sin sanción alguna si este demuestra la existencia de una justa causa para ello. Feliciano Martes v. Sheraton, supra, págs. 379-381; Santiago v. Kodak Caribbean, Ltd., supra, pág. 755. Véase, también, Díaz v. Wyndham Hotel Corp., supra, págs. 377-378; Es decir, en nuestro ordenamiento un patrono puede despedir a su empleado sin causa alguna y estará sujeto únicamente al pago de la mesada.(7)
Así pues, la propia Ley Núm. 80, supra, en su Art. 2 detalla las distintas causales que constituyen justa causa para el despido. 29 LPRA sec. 185b.(8) Esas instancias in *652 cluyen causales imputables a la conducta del empleado(9) y aquellas de índole empresarial que versan principalmente sobre aspectos económicos vinculados a la administración de una empresa.(10) SLG Zapata-Rivera v. J.F. Montalvo, supra, pág. 4; Whittenburg v. Col. Ntra. Sra. del Carmen, supra, pág. 950.
Finalmente, para adelantar el propósito de su naturaleza reparadora, la Ley Núm. 80, supra, invierte el orden de la prueba en casos civiles y le impone al patrono el deber de probar in limine que el despido fue justificado. Si así lo prueba, el patrono no estará obligado a pagar la mesada. Véase Secretario del Trabajo v. I.T.T., 108 DPR 536 (1979). Además, la Ley Núm. 80, supra, dispone que en toda acción instada al amparo de esta, el patrono estará obligado a alegar en la contestación a la demanda, los hechos que dieron origen al despido y probar que estuvo justificado para quedar eximido del pago de la indemnización que dispone esa ley. 29 LPRA sec. 185k(a). En otras palabras, la Ley Núm. 80, supra, establece una excepción a la norma general de derecho que dispone que en toda reclamación judicial instada por una parte contra un demandando, sea el reclamante quien tiene la obligación de pro-bar sus alegaciones para prevalecer en un pleito. Feliciano Martes v. Sheraton, supra, págs. 385-386.
*653 B. A través de los años hemos sido consistentes en reiterar las normas que han de regir nuestra función interpretativa de la legislación protectora del trabajo. En el contexto particular de la Ley Núm. 80, supra, recientemente manifestamos que por su naturaleza inherentemente reparadora sus disposiciones deben interpretarse liberalmente a favor del trabajador, resolviéndose toda duda a su favor. Whittenburg v. Col. Ntra. Sra. del Carmen, supra, pág. 951. Véanse, además: SLG Zapata-Rivera v. J.F. Montalvo, supra, pág. 6; Cordero Jiménez v. UPR, 188 DPR 129, 139 (2013); Vélez Cortés v. Baxter, supra, pág. 467; Irizarry v. J & J Cons. Prods. Co., Inc., 150 DPR 155, 164 (2000); Belk v. Martínez, 146 DPR 215, 232 (1998); Santiago v. Kodak Caribbean, Ltd., supra, pág. 771. De igual manera, hemos afirmado que la exclusión de una persona de su aplicación debe surgir expresamente del texto de la ley. íd., pág. 950. Véase, además, Cordero Jiménez v. UPR, supra, pág. 139. Estas normas de hermenéutica aplican igualmente a toda la gama de protecciones laborales recogidas en nuestra legislación protectora del trabajo. Whittenburg v. Col. Ntra. Sra. del Carmen, supra, pág. 951; C. Zeno Santiago y V.M. Bermudez Pérez, Tratado de derecho del trabajo, San Juan, Pubs. JTS, 2003, T. I, pág. 94. El razonamiento detrás de estas normas de interpretación obedece a que nuestra legislación protectora del trabajo tiene como norte garantizar la mayor protección a los trabajadores. Cordero Jiménez v. UPR, supra, pág. 139; Cintrón v. Ritz Carlton, 162 DPR 32, 39-40 (2007). Así, en aras de cumplir con sus propósitos notoriamente sociales y reparadores, la exclusión de un empleado de los beneficios de la legislación laboral “debe ser clara y debe interpretarse restrictivamente”. López Santos v. Tribunal Superior, 99 DPR 325, 330 (1970). Véanse, además: Cordero Jiménez v. UPR, supra, 139; Jiménez Hernández v. General Inst., Inc., 170 DPR 14, 64 (2007).
A la luz de este crisol doctrinario, pasemos a atender la controversia ante nuestra consideración.
*654 rH HH
A. Antes de adentrarnos a dilucidar el error señalado por los peticionarios, es menester contextualizar el tipo de empleado que protagoniza la controversia ante nuestra consideración. Para ello es pertinente acudir al Art. 1474 de nuestro Código Civil el cual dispone in extenso lo siguiente:
[e]l empleado para el servicio doméstico, ya sea para las atenciones personales del cabeza de familia o en general para el servicio de ésta, cuyo contrato de servicios se haya verificado por tiempo determinado, puede despedirse y ser despedido antes de expirar el término; pero si el principal despide al empleado sujeto a estas condiciones, sin justa causa, debe indemnizarle pagándole el salario devengado y el de quince (15) días más. (Enfasis suplido). 31 LPRA sec. 4112.(11)
De lo anterior podemos colegir que el referido artículo dispone que un empleado doméstico es considerado como la persona que atiende las necesidades del jefe de familia o a la familia en general. Olmo Nolasco v. Del Valle Torruella, 175 DPR 464, 471 (2009). Recientemente, definimos a un empleado doméstico como aquella
[...] persona que ejerce funciones dentro de una residencia para beneficio de un miembro de la familia o a la familia en general. El término abarca personas que realizan funciones de cocinero, camareros, mayordomos, sirvientes, ama de llaves, institutriz, niñeras, porteros, conserjes, lavado y planchado de ropa, guardianes, jardineros, servicios de compañía, entre otros. Id., pág. 472.(12)
*655 Como se puede apreciar, el remedio provisto por el Art. 1474 del Código Civil, supra, se limita a aquellos empleados domésticos contratados por tiempo determinado que se despidan sin justa causa antes de expirar el término por el cual fueron contratados. Por lo tanto, es evidente que este artículo no aplica a aquellos empleados domésticos contratados por un término indeterminado. Con ello en mente, pasemos a atender los planteamientos vertidos por los peticionarios en apoyo de su petitorio.
B. En su único señalamiento de error los peticionarios alegan que erraron los foros inferiores al concluir que la Ley Núm. 80, supra, aplica a los trabajadores en el servicio doméstico. En síntesis, los peticionarios entienden que si la intención del legislador es incluir a los trabajadores en el servicio doméstico como acreedores de las protecciones de nuestra legislación laboral, esa intención debe constar ex-presamente en el texto de la ley. Por otro lado, razonan que si un estatuto guarda silencio en cuanto a si aplica o no a un trabajador en el servicio doméstico, no se puede concluir automáticamente que, en efecto, le aplica. No les asiste la razón.
Según hemos discutido, la exclusión de una persona de la aplicación de una ley laboral debe surgir expresamente del texto de la ley. Al comienzo de esta opinión señalamos que la ley Núm. 80, supra, en su Art. 1, dispone que aplicará a todo empleado de comercio, industria o cualquier otro negocio o sitio de empleo que trabaje mediante remuneración de alguna clase, contratado sin tiempo determinado y que haya sido despedido de su cargo sin justa causa. Whittenburg v. Col. Ntra. Sra. del Carmen, supra, pág. 950; Zeno Santiago y Bermúdez Pérez, op. cit., pág. 98. Es decir, la Ley Núm. 80, supra, aplica al universo de trabajadores que cumplan con los supuestos delimitados en el referido artículo. Como podemos apreciar, el Art. 1 de la Ley Núm. 80, supra, es claro y no establece una exclusión categórica de ningún grupo particular de trabajadores. Por lo tanto, *656 ante el texto claro de la Ley Núm. 80, supra, es forzoso concluir que este estatuto no excluye expresamente de su aplicación a quienes se dedican a prestar servicios domésticos a particulares en sus hogares. Los argumentos de los peticionarios en apoyo de su contención nos invitan, de manera errada, a desvirtuarnos de las normas de interpretación estatutaria que rigen en nuestro ordenamiento. Como se sabe, en este ejercicio debemos acudir al texto de la ley y si este es claro y libre de toda ambigüedad, “la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu”. Art. 14 del Código Civil, 31 LPRA sec. 14. Véase, además, Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 404 (2012).(13)
Nótese, además, que en otras instancias la Asamblea Legislativa no ha sido tímida en expresar su intención diáfana de excluir a personas empleadas en el servicio doméstico de la aplicación de alguna legislación laboral. Véanse, por ejemplo: Ley Núm. 180-1998, conocida como Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad, 29 LPRA see. 250 et seq.; Ley Núm. 379 de 15 de mayo de 1948, conocida como Ley de Horas y Días de Trabajo, 29 LPRA see. 271 et seq., y Ley Núm. 148 de 30 de junio de 1969, conocida como Ley del Bono de Navidad, 29 LPRA see. 501 et seq.(14) De igual manera, tampoco ha titubeado en excluir de manera expresa a otros grupos de trabajadores de la aplicación de distintas leyes laborales. Id.
En cuanto a este particular, la “Guía para la Interpretación y Aplicación de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada” en lo pertinente dispone que:
[l]a Ley Núm. 80, supra, hace extensiva su aplicación a todo empleado de cualquier sitio de empleo. Las personas que se *657 desempeñan como empleados en el servicio doméstico no están excluidas de la aplicación de la ley por disposición específica alguna.(15) Por lo tanto, las mismas están cubiertas por la Ley Núm. 80, supra. (Enfasis suplido). Guía Revisada de la Ley Núm. 80 de 30 de mayo de 1976, enmendada, Departamento del Trabajo y Recursos Humanos, rev. 30 de junio de 2014, pág. 41 (Guía Revisada).
Como podemos apreciar, el Departamento del Trabajo y Recursos Humanos, que es el ente con pericia para atender asuntos laborales en nuestra jurisdicción, coincide en que este grupo particular de trabajadores no está excluido de la aplicación de la Ley Núm. 80, supra.
En fin, acorde con nuestra jurisprudencia y luego de un análisis minucioso de las disposiciones de la Ley Núm. 80, supra, resolvemos que esta no excluye expresamente de su aplicación a las personas que se dedican a prestar servicios domésticos a particulares en una residencia. No obstante, este hecho aislado no implica que este grupo particular de personas sean acreedoras de las protecciones que provee la Ley Núm. 80, supra, de manera automática. Esa determinación conlleva un análisis ulterior. Examinemos este particular.
>
Como hemos mencionado, uno de los requisitos esenciales para reclamar las protecciones de la Ley Núm. 80, supra, es que exista una relación empleado-patrono. Así pues, dado que la política pública implantada a través de la Ley Núm. 80, supra, procura proteger a un empleado de un despido injustificado, es necesario que entre los actores del pleito haya existido una relación obrero-patronal. Ello es así puesto que la ruptura de esa relación particular es la que da *658 lugar a aquello que la Ley Núm. 80, supra, busca desalentar: un despido que, a su vez, sea injustificado.
De no estar presente una relación empleado-patrono, estaríamos ante otro tipo de relación cuya ruptura no perfeccionaría un despido y, por lo tanto, no activaría las protecciones de la Ley Núm. 80, supra. Precisamente por ello es que hemos manifestado que la legislación protectora del trabajo aplica únicamente a quienes puedan catalogarse como “empleados”. Whittenburg v. Col. Ntra. Sra. del Carmen, supra, pág. 952. De no existir una relación obrero-patronal, estaríamos ante un contratista independiente, ello pues nuestro ordenamiento no presume que todo el universo de personas que reciben una remuneración por una obra realizada son “empleados” para fines de la Ley Núm. 80, supra.
Así pues, la aplicabilidad la Ley Núm. 80, supra, conlleva un análisis más extenso y requerirá que, como cuestión de umbral, analicemos ponderadamente la relación que existe entre las partes para determinar si en efecto esta es una de patrono-empleado o principal-contratista independiente bona fide. En cuanto a este punto, la Guía Revisada apunta nuestro análisis en esa misma dirección y a esos efectos dispone que:
[l]a cubierta de la ley está limitada a las personas que rinden servicios en calidad de empleados. Esto significa que para que se dé la aplicación de la ley, el trabajador debe prestar servicios de forma regular y debe existir un nivel de dependencia económica y un grado de control considerable. La Ley Núm. 80, supra, no aplica a los trabajadores del servicio doméstico que constituyen contratistas independientes ni tampoco a los que ocasmnalmente realizan trabajo para una persona o entidad. (Énfasis suplido) Guía Revisada, supra, pág. 41.
A pesar de que la Ley Núm. 80, supra, se aprobó con el fin de proteger al empleado en la empresa privada, el legislador optó por no definir el término “empleado” expresamente en el texto del estatuto. No obstante, se ha definido ese término como aquella “persona que rinde *659 servicios a un patrono y a cambio recibe de éste un sueldo, salario, jornal, comisión, bono, adehala o cualquier otra forma de compensación”. Guía Revisada, supra, pág. 75, citando a Whittenburg v. Col. Ntra. Sra. del Carmen, supra, pág. 952. Por otro lado, hemos definido la figura del contratista independiente como aquella persona que “dada la naturaleza de su función y la forma en que presta servicios resulta ser su propio patrono”. Id., pág. 952 citando a Acevedo Colom, op. cit., págs. 7-8.
No obstante la importancia y las implicaciones jurídicas que conlleva distinguir entre un empleado y un contratista independiente,(16) en limitadas ocasiones es posible lograr una distinción categórica entre ambos conceptos. S.L.G. Hernández-Beltrán v. TOLIC, 151 DPR 754, 765 (2000); Nazario v. González, 101 DPR 569, 572 (1973). Esto se debe a que en muchas ocasiones una persona puede ostentar un híbrido de rasgos característicos tanto de un empleado como de un contratista independiente. Id. Por otro lado, en otras instancias es necesario extrapolar el contenido del Contrato y el título con el cual las partes han denominado su relación de las circunstancias fácticas que demuestran cómo las partes verdaderamente interactúan entre sí. Id.; Nazario v. Vélez, 97 DPR 458, 463 (1969) (“la caracterización o denominación que hagan las partes respecto a la naturaleza de sus relaciones no es decisiva”); Pueblo Int’l, Inc. v. Srio. Justicia, 117 DPR 230, 252 (1986) (“no es el nombre con que se denomina un acto el que determina su naturaleza, sino su contenido, según éste surge de un análisis del mismo y de todas las circunstancias que lo rodean”).
*660 A través de los años hemos establecido una serie de criterios que facilitan el ejercicio que deben llevar a cabo los tribunales en aras de distinguir entre un empleado y un contratista bona fide, a saber:
(1) Naturaleza, extensión y grado de control que ejerce el patrono sobre la persona en la ejecución de la obra o trabajo;
(2) Grado de juicio o iniciativa que despliega la persona;
(3) Forma de compensación;
(4) Facultad de emplear y derecho de despedir obreros;
(5) Oportunidad de incurrir en ganancias y el riesgo de pérdidas;
(6) La titularidad del equipo y de las instalaciones físicas pro-vistas por el principal;
(7) Retención de contribuciones;
(8) Si, como cuestión de realidad económica, la persona que presta el servicio depende de la empresa para la cual trabaja;
(9) Permanencia de la relación de trabajo; y
(10) Si los servicios prestados son una parte integral del negocio del principal o se pueden considerar como un negocio separado o independiente por sí mismos. Whittenburg v. Col. Ntra. Sra. del Carmen, supra, págs. 952-953, citando a Acevedo Colom, op. cit, págs. 9-10. Véanse, además: S.L.G. Hernández-Beltrán v. TOLIC, supra, pág. 768; Fernández v. A.T.P.R., 104 DPR 464, 465 (1975).
No obstante, este listado no pretende obstaculizar la tarea de precisar la naturaleza de una relación para determinar si se activa la protección de la Ley Núm. 80, supra. Por ello, el análisis multifactorial que ha de realizarse no puede ejecutarse bajo el pretexto de una uniformidad rígida. Lo anterior implica que en el análisis se ponderen cuidadosamente la totalidad de las circunstancias en las cuales se desenvuelve la relación entre las partes a la luz de todos los criterios anteriormente enumerados. Hernández v. Trans Oceanic Life Ins. Co., supra, pág. 773. Así, hemos enfatizado que “la determinación de quién es un contratista independiente no depende de factor aislado alguno, sino que hay que examinar el conjunto de circunstancias en que se desenvuelve la relación laboral”. Id., pág. 768. Véase, además, Fernández v. A.T.P.R, supra. De igual *661 modo hemos expresado que “para dicha determinación no existe una regla absoluta, sino que depende de la importancia que se le atribuya a cada uno de los factores”. íd. Véase, además, Nazario v. Vélez, supra. En otras palabras, no necesariamente será suficiente con que se cumpla uno de los criterios, como tampoco es necesario que se cumplan todos.
En el caso de autos, los tribunales inferiores determinaron correctamente que la Ley Núm. 80, supra, no excluye expresamente de su aplicación a las personas que prestan servicios domésticos a particulares en sus hogares. No obstante, el análisis no termina ahí, pues resta adjudicar la controversia en cuanto a si entre los peticionarios y la señora Nova existía una relación obrero-patronal vis a vis una de principal-contratista independiente. Debido a la etapa procesal en la que se encontraba el caso de autos al momento de ser atendido por esta Curia, no contamos con los elementos de prueba necesarios para pasar juicio en cuanto a la relación habida entre los peticionarios y la señora Nova.
Por ejemplo, no nos consta si la señora Nova trabajaba exclusivamente para los peticionarios. Tampoco sabemos si la señora Nova tenía un horario fijo, si su ingreso variaba dependiendo de las tareas que llevaba a cabo o si los peticionarios le retenían parte de su sueldo para efectos contributivos. Tampoco nos consta si los peticionarios le proporcionaban los materiales que esta utilizaba para llevar a cabo sus labores o si, por otro lado, los peticionarios le detallaban la forma en la cual esta debía ejecutarlas. En fin, es necesario realizar un análisis ponderado de las circunstancias particulares del caso de autos junto a los criterios establecidos por nuestra jurisprudencia para poder auscultar adecuadamente la relación entre los peticionarios y la señora Nova.
Al no contar con las respuestas a todas estas interrogantes resulta necesario devolver el caso al foro primario para que dirima este asunto.
*662 V
En fin, concluimos que la Ley Núm. 80, supra, no ex-cluye expresamente de su aplicación a quienes se dedican a prestar servicios domésticos a particulares en sus hogares. En virtud de lo anterior, este grupo particular de trabajadores podría ser merecedor de las protecciones que brinda la Ley Núm. 80, supra. No obstante, lo anterior dependerá de que estas personas rindan sus servicios en calidad de empleados propiamente. Para determinar lo anterior es necesario llevar a cabo un análisis holístico y ponderado, según las circunstancias particulares de cada caso, de los criterios establecidos por nuestra jurisprudencia que permiten a un juzgador distinguir entre un empleado y un contratista independiente bona fide.
VI
Por los fundamentos anteriormente esbozados, confirmamos y devolvemos el caso al foro primario para la continuación de los procedimientos acorde con lo aquí resuelto.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez, el Juez Asociado Señor Kolthoff Caraballo y la Jueza Asociada Oronoz Rodríguez no intervinieron.

 La Querella fue presentada al amparo del procedimiento sumario estatuido en Ley la Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPEA see. 3118 et seq.

 En la Querella se especificó que el salario más alto devengado por la señora Nova en los últimos tres (3) años anteriores a cesar su relación con los peticionarios fue de trecientos cincuenta dólares semanales ($350). Por otro lado, se alegó que, conforme al periodo durante el cual la señora Nova prestó sus servicios a los peticionarios, tenía derecho a recibir la suma de doce mil doscientos cuarenta y seis dólares con cincuenta centavos ($12,246.50) en concepto de mesada. Apéndice de la Petición de certiorari, pág. 2.

 La Sec. 328 del referido estatuto dispone que:
se entiende por ‘obrero’ o ‘empleado’ toda persona al servicio de cualquier individuo, sociedad o corporación, que emplee a una o más personas bajo cualquier contrato de servicios expreso o implícito, oral o escrito, bien sea hombre, mujer o niño, incluyéndose entre éstos expresamente a aquéllos cuya labor fuere de un carácter accidental.
Las palabras ‘obrero’ o ‘empleado’ incluyen a todo trabajador que se emplee en cualquier establecimiento u ocupación fabril, comercial o agrícola, por una persona natural o jurídica, por alguna compensación y por el Gobierno Estadual o cualquiera de sus dependencias [...]”. 3 LPRA see. 328.

 En lo pertinente, el referido artículo dispone lo siguiente: “[t]odo empleado de comercio, industria o cualquier otro negocio o sitio de empleo, designado en lo sucesivo como el establecimiento”. 29 LPRA sec. 185a.

 La referida enmienda se realizó mediante la Ley Núm. 95-2007 (29 LPRA see. 95). En la Exposición de Motivos de la precitada ley el legislador manifestó que el propósito de la enmienda era “a los ñnes de clarificar que el término establecimiento” según utilizado en el inciso, incluye individualmente a cada oficina, fábrica, sucursal o planta en empresas que poseen varias de estas y de las cuales se realizará un cierre total, temporero o parcial de las operaciones.

 Recientemente en C.O.P.R. v. S.P.U., 181 DPR 299, 337-338 (2011), expresamos las excepciones a la norma general de que la mesada es el remedio exclusivo disponible bajo la Ley Núm. 80, supra, a saber:
“[...] (1) los remedios adicionales conferidos por conducta torticera del patrono, ajena a la mera violación de una disposición de las leyes del trabajo (Rivera v. Security Nat. Life Ins. Co., [106 DPR 517, 527 (1977)]); (2) los remedios adicionales provistos por leyes especiales (Vélez Rodríguez v. Pueblo Int’l, Inc., [135 DPR 500, 511 (1994)]), y (3) los remedios adicionales concedidos por un despido cuyo propósito e intención principal sea subvertir una clara política pública del Estado o algún derecho constitucional (Soc. de Gananciales v. Royal Bank de PR, 145 DPR 178, 192 (1998); Porto y Siurano v. Bentley P.R., Inc., 132 DPR 331, 342 (1992); Arroyo v. Rattan Specialties, Inc., 117 DPR 35, 65 (1986))”.

 Ello siempre y cuando, según hemos indicado, no estemos ante una de las excepciones a la norma general de la mesada como remedio exclusivo. Como por ejemplo, que el patrono haya incurrido en discrimen o en alguna otra actividad prohibida por ley.

 El referido artículo también dispone que no se considerará justa causa para el despido aquel que se hace por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento. Por otro lado, la Ley Núm. 115-1991 conocida como la Ley de Represalias enmendó el Art. 2 de la Ley Núm. 80, supra, para establecer que no se considerará justa causa para el despido la colabo *652 ración o expresiones hechas por un empleado, relacionadas con el negocio de su patrono ante cualquier foro administrativo, judicial o legislativo en Puerto Rico, cuando esas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada según la ley.

 Será justa causa para el despido: (1) que el obrero siga un patrón de conducta impropia o desordenada, (2) que el empleado no rinda su trabajo en forma eficiente o lo haga tardía y negligentemente o en violación de las normas de calidad del producto que produce o maneja el establecimiento o (3) que el empleado viole reiteradamente las reglas y los reglamentos razonables establecidos para el funcionamiento del establecimiento, siempre que se le haya suministrado oportunamente copia escrita de estos. 29 LPRA sec. 185b.

 También será justa causa para el despido: (1) el cierre total, temporero o parcial de las operaciones del establecimiento; (2) cambios tecnológicos o de reorganización, cambios de estilo, diseño o naturaleza del producto que produce o maneja el establecimiento, y cambios en los servicios rendidos al público, o (3) reducciones en empleo debido a una baja en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido. 29 LPRA sec. 185b.

 A su vez, el Art. 1475 del Código Civil establece: “[a]demás de lo prescrito en los artículos 1473 y 1474 (sees. 4111 y 4113) de este título anteriores, se observará acerca de los contratos entre principales y domésticos lo que determinen las leyes y reglamentos especiales”. 31 LPRA see. 4113.

 En aquella ocasión afirmamos que esas funciones se limitaban a los empleados que las realizaban en la residencia. No obstante, indicamos que ello no es óbice para que ocasionalmente se realicen esas funciones fuera del hogar siempre y cuando el beneficio sea dirigido a un miembro de la familia o para la familia en general. Olmo Nolasco v. Del Valle Torruella, 175 DPR 464, 471-472 (2009).

 “[S]i el lenguaje de la ley no crea dudas y es claro en cuanto a su propósito, su propio texto es la mejor expresión de la intención legislativa”. Soc. Asist. Leg. v. Ciencias Forenses, 179 DPR 849, 862 (2010).

 Recientemente, en Olmo Nolasco v. Del Valle Torruella, supra, pág. 473, resolvimos que las funciones realizadas por una dama de compañía o dama acompañante, son propias de un empleado doméstico y que si bien es cierto que la Ley Núm. 180, supra, establece unos beneficios de vacaciones, esta excluye taxativamente a los empleados domésticos de su aplicación.

 Véase, además, A. Acevedo Colom, Legislación protectora del trabajo comentada, 8va ed. rev., San Juan, [s. Ed.], 2005, pág. 193 (la Ley Núm. 80, supra, aplica a las personas empleadas en el servicio doméstico porque no están expresamente ex-cluidas de la ley).

 en la determinación que se haga sobre la clasificación de un individuo como contratista independiente o como empleado, el resultado tendrá el efecto en cuanto a la aplicabilidad de la Ley Núm. 80 [...] si un individuo no cumple con los requisitos de la definición de empleado dentro de una relación obrero-patronal y, por lo tanto, cumple con la definición de contratista independiente, la Ley Núm. 80 no protegerá ni proveerá remedios para ese individuo en caso de despido”. C. Zeno Santiago y V.M. Bermúdez Pérez, Tratado de derecho del trabajo, San Juan, Pubs. JTS, 2003, T. I, pág. 196.